IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDOURAHMAN JABBI, | No. 4:21-CV-01818 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| CITY OF CLINTON COUNTY and ANGELA HOOVER, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 18, 2022

Plaintiff Abdourahman Jabbi filed the instant *pro se* Section 1983[1] action in October 2021, claiming constitutional violations by the "City of Clinton County" and Warden Angela Hoover.[2] Because it is clear from the face of the complaint that Jabbi fails to state a claim for relief against the named Defendants, the Court will dismiss Jabbi's complaint but grant leave to amend.

I.  STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Docs. 1, 1-1.

state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the]

---

[3]  28 U.S.C. § 1915(e)(2)(B)(ii).
[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Jabbi proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]

## II. DISCUSSION

Jabbi avers that he was taken into custody by United States Immigration and Customs Enforcement (ICE) in July 2020 following completion of his prison term in Moshannon Valley Correctional Facility.[14]  He was then placed in civil detention, under ICE custody, at Clinton County Correctional Facility (CCCF).[15]  According to Jabbi, he and other immigration detainees were subjected to unconstitutional conditions of confinement; specifically, the cell in which Jabbi

---

[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14] Doc. 1-1 at 3.
[15] *Id.*

was confined for "nineteen hours a day" during the winter months was extremely cold and lacked hot water.[16] Jabbi alleges that he made numerous complaints to various CCCF prison officials and to ICE beginning in late December 2020, but the conditions were not adequately addressed until late February 2021.[17] Jabbi contends that these conditions of confinement—which persisted for two months—violated his Eighth Amendment right to be free from cruel and unusual punishment.[18]

Jabbi further alleges that he was subjected to an unconstitutional strip and body cavity search on September 28, 2020, approximately three months after he first entered CCCF.[19] According to Jabbi, there was no basis whatsoever for this invasive and illegal search, which he maintains violated CCCF policy, ICE policy, and his Fourth Amendment rights.[20]

Jabbi's complaint is detailed and clear; and his allegations are serious. The problem, however, is that the complaint does not state Section 1983 claims against

---

[16] *Id.* at 3-5.
[17] *Id.* at 3-10.
[18] *Id.* at 10-11. Because Jabbi was an immigration detainee in federal custody being housed in a state facility (rather than a convicted prisoner), his claims implicate the Due Process Clause of the Fifth and Fourteenth Amendments, not the Eighth Amendment. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020) (citation omitted); *E.D. v. Sharkey*, 928 F.3d 299, 306-07 (3d Cir. 2019) (holding that immigration detainees are entitled to same due process protections as pretrial detainees); *cf. Hubbard v. Taylor*, 399 F.3d 150, 166-67 (3d Cir. 2005) (holding that conditions-of-confinement claims of pretrial detainees in state custody must be analyzed under Fourteenth Amendment's due process clause).
[19] *Id.* at 14-15.
[20] *Id.* at 14-17.

the defendants Jabbi has named—Warden Angela Hoover and the "City of Clinton County."[21] Jabbi has not pled personal involvement for Hoover.[22] Nor has he identified a basis for Section 1983 liability for Clinton County or McElhattan, Pennsylvania.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[23] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[24] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[25]

Jabbi's complaint contains detailed allegations regarding multiple identified correctional officers and their purported deliberate indifference to his conditions of

---

[21] The Court notes that there is no "City of Clinton County." Clinton County is, as its name suggests, a county in the Commonwealth of Pennsylvania. Clinton County Correctional Facility is located in McElhattan, Pennsylvania, which is situated in Clinton County.

[22] The Court further observes that, although it appears that Jabbi seeks to assert Section 1983 claims against Hoover in her individual capacity, he states that he is suing her "in her official capacity" only. Doc. 1-1 at 2. An official-capacity claim against Hoover fails for the same reasons Jabbi's claims against Clinton County or McElhattan fail, because suing a county prison official in her official capacity is akin to suing the county itself. *Kane v. Chester County*, 811 F. App'x 65, 72 n.7 (3d Cir. 2020) (nonprecedential) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see infra* Section II(B).

[23] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[24] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).

[25] *Id.* (quoting *Rode*, 845 F.2d at 1207).

confinement.[26] He also sets out meticulous allegations against certain unidentified officers who ordered and conducted the purportedly illegal strip and body cavity search.[27] Jabbi, however, does not name any of these prison officials as defendants. Nor does he plead facts plausibly showing how Hoover was personally involved in the alleged constitutional violations. The mere fact that Hoover is the warden of CCCF is not sufficient to state a Fourth or Fourteenth Amendment claim against her.[28] Consequently, the claims against Hoover must be dismissed.[29]

### B.   Municipal Liability

Municipalities and other local governments are subject to Section 1983 liability in only limited circumstances.[30] To state such a claim, a plaintiff must identify a policy or custom that causes constitutional injury.[31] Jabbi has not identified any such policy or custom in his complaint. On the contrary, his allegations appear to contend that his unconstitutional treatment at CCCF violated existing prison and ICE policy. Accordingly, any claim against the "City of Clinton County" (*i.e.*, Clinton County or McElhattan) must be dismissed.[32]

---

[26] *See* Doc. 1-1 at 3-10.
[27] *See id.* at 14-15.
[28] *See Rode*, 845 F.2d at 1207.
[29] 28 U.S.C. § 1915(e)(2)(B)(ii).
[30] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978).
[31] *See id.*
[32] 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[33] The Court will grant Jabbi leave to amend his complaint to rectify the deficiencies identified above, as his complaint appears amenable to correction.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Jabbi's Fourth Amendment and Fifth and Fourteenth Amendment constitutional tort claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[33] *Grayson*, 293 F.3d at 114.